# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00158-CV

**Dotty Martinez, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 239,549-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dotty Martinez appeals the district court's order terminating her parental rights to three minor children, F.A., M.A., and Be.A. Martinez's court-appointed attorney has filed an *Anders* brief informing this Court that he has made a "conscientious examination" of the record in this case and has found no argument that could possibly persuade the Court to reverse or modify the judgment. *See Anders v. California*, 386 U.S. 738, 744 (1967). He requests that we allow him to withdraw as counsel for appellant. Appellee Texas Department of Family and Protective Services ("the Department") has filed a brief agreeing with counsel's brief and motion. Martinez has not filed a brief in response. We will affirm the termination decree and grant the motion to withdraw.

The Department filed a petition to terminate Martinez's parental rights to her four children after the oldest daughter, Br.A., reported that the children had been physically abused by Martinez's boyfriend, Jerrod Mejia. Br.A. and the other children told the Department that Mejia smoked marijuana in the home; frequently spanked them with a belt; threw one of the children

against another on two different occasions; and sometimes punished them by locking them outside the house or inside the car. After one instance when Br.A. reported being hit by Mejia, a Department worker observed bruises on Br.A.'s torso and arm. The children claimed they were afraid of Mejia and did not feel safe at home.

The Department placed the children in foster care and enacted a family service plan to improve the children's safety. As required by the plan, both Martinez and Mejia underwent psychological evaluations, attended family counseling, and completed parenting classes. Ultimately, the children were returned to Martinez on the condition that she prevent Mejia from contacting the children in any way. However, approximately two months later, the children reported to the Department that they had briefly spent time with Mejia during a family trip to visit relatives in the same town where he had moved. The children claimed that many of Martinez's belongings were at Mejia's home. When questioned by Department employees, Martinez denied taking the children to see Mejia but would not agree to end her relationship with him. The children were returned to foster care, and the Department proceeded to seek termination of Martinez's parental rights.

The termination case with respect to Br.A. was severed into a separate cause, and the termination case as to F.A., M.A., and Be.A. was tried before a jury. The Department called Br.A., who repeated her allegations of physical abuse by Mejia. Various Department employees and mental health experts also testified, indicating that Martinez had admitted knowing that the children were afraid of Mejia but seemed unconcerned and indifferent; that the Department had previously found reason to believe Martinez neglectfully supervised her children; and that Martinez continued her relationship with Mejia despite the risk that he would encounter the children in violation of the court's order. In addition, there was testimony that the children had adjusted well to their foster

2

home and felt safe there, called their foster parents "Mom" and "Dad," and wished to be adopted by that family. Multiple witnesses testified that termination of Martinez's parental rights and adoption by the foster family were in the children's best interests.

Martinez testified in defense of her parental rights. She stated that the children never told her they were afraid of Mejia; that she knew he spanked them but did not believe he had abused them; and that she suspected the children only disliked Mejia because he was not their father. She again denied that the children were exposed to Mejia on the family trip, claiming instead that a relative who was not aware of the court order had dropped the children off at Mejia's parents' house, but he was not there at the time, and Martinez arrived to pick the children up within minutes. Martinez claimed it was unfair for her to lose her children because they hated a man she loved and trusted. She admitted that, if CPS ceased to be involved in her life, she planned to allow Mejia to be around the children again. Martinez testified that she and Mejia both loved the children and wanted them to come home.

After the hearing, the trial court instructed the jury that it could only terminate Martinez's parental rights if one of three statutory grounds was proven and if termination was in the best interests of the children. The jury returned a verdict that Martinez's parental rights to each of the three children should be terminated. This appeal followed.

Martinez's attorney has submitted a brief that meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel has certified to this Court that he provided Martinez with a copy of the

3

*Anders* brief along with a notice advising Martinez of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and the *Anders* brief submitted on Martinez's behalf, and we have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating Martinez's parental rights and grant counsel's motion to withdraw as attorney of record.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed:   July 24, 2012

4